UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NORMA JEAN WASHINGTON           CIVIL ACTION NO. 12-cv-0462

VERSUS           JUDGE STAGG

U.S. COMMISSIONER, SOCIAL           MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

### REPORT AND RECOMMENDATION

Norma Jean Washington ("Plaintiff"), represented by attorney John G. Ratcliff, filed this civil action to appeal a decision of the Commissioner of the Social Security Administration. After the Commissioner filed the administrative transcript, attorney Ratcliff filed a motion to withdraw because he was retiring from the active practice of law and would soon close his office. He advised Plaintiff by a letter sent certified mail that he intended to withdraw from representing her. He gave Plaintiff the name and telephone number of two attorneys who were interested in reviewing the appeal and might be willing to enroll. Ratcliff also provided Plaintiff a telephone number for an agency that makes referrals to attorneys who handle Social Security cases. Ratcliff represented that he spoke with Plaintiff by telephone about her briefing deadline and explained that he would request at least a 30-day extension.

The court granted attorney Ratcliff's motion to withdraw. It also granted Plaintiff an additional 30 days, or until September 14, 2012, to file her appeal brief. The docket sheet

indicates that a copy of that order was mailed to Plaintiff at her home address, provided by Ratcliff, and that mail has not been returned by the postal service.

Plaintiff's briefing deadline passed about three months ago. She has not enrolled new counsel, and she has not filed a brief or any other submission. This court has limited jurisdiction to review decisions of the Commissioner and depends on the appealing party to point to any particular errors the party believes were made during the administrative process. The court may not properly conduct its role absent such a brief. There is no indication, given the amount of time that has passed, that Plaintiff would file a brief if additional time were allowed. Considering these circumstances, dismissal for failure to prosecute is warranted.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of January, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE